IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM BROXTON, | : |
| Petitioner, | : |
| VS. | : **28 U.S.C. § 2255 Case No.** |
| | : 7 : 10-CV-90070 (HL) |
| UNITED STATES OF AMERICA, | : **Criminal Case No.** |
| | : 7 : 04-CR-20-002 (HL) |
| Respondent. | : |

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on January 6, 2010 (Doc. 218), is before this Court for the issuance of a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### Procedural History

By means of a superseding indictment, the Petitioner was indicted in this Court on February 17, 2005, and charged with eleven counts of mail theft, fraud, money laundering, narcotics violations, and firearm offenses. (Doc. 41). Petitioner and his co-Defendant, Trelliny Turner, were charged with conspiracy to steal and conceal registered mail, containing $266,691.74 in cash and personal checks, from the United States Post Office in Valdosta Georgia beginning on September 3, 2004. *Id.* Petitioner was also charged with possession of a firearm by a convicted felon and possession with intent to distribute cocaine base. *Id.*, Counts 4,

9, 10. Petitioner's jury trial began on March 28, 2005 and ended on April 6, 2005, resulting in guilty verdicts for the Petitioner on Counts 1-5 and Counts 7-10. (Doc. 78). Petitioner was sentenced to a total term of imprisonment of 300 months on July 21, 2005. (Doc. 91). Petitioner filed a Notice of Appeal on August 2, 2005, and the Eleventh Circuit affirmed Petitioner's conviction and sentence on October 2, 2008. (Doc. 192).

In his § 2255 motion, Petitioner alleges that he received ineffective assistance of counsel at trial. (Doc. 218). The Court appointed counsel to represent Petitioner on the § 2255 motion and held an evidentiary hearing on the motion on June 28, 2011. Following the preparation of a transcript of the evidentiary hearing proceedings, both parties have filed briefs in support of their positions. By agreement of the parties at the evidentiary hearing, Petitioner's § 2255 motion proceeds only on two alleged instances of ineffective assistance of counsel, as follows:

> 1) trial counsel failed to file a motion to sever the conspiracy counts of the superseding indictment, and
>
> 2) trial counsel failed to object to the testimony of Roderick Johnson.

(Doc. 235, pp. 14-15). The remaining grounds listed in Petitioner's original § 2255 motion have been deemed abandoned. *Id.*

## Legal Standards

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

> United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

If a prisoner's 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).

"Our role in collaterally reviewing [] judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

> [A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. . . . It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding  . . [rather][t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . . In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law.

*Strickland*, 466 U.S. at 693-694.

In evaluating whether Petitioner has established a reasonable probability that the outcome would have been different absent counsel's alleged errors, a court "must consider the totality of the evidence before the judge or jury." *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" *Reed v. Sec'y. Fla. Dep't. of Corr.*, 593 F.3d 1217, 1240 (11th Cir.  2010)(quoting *Bobby v.Van Hook*, 130 S.Ct. 13, 17 (2009)).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  In order to find that counsel's performance was objectively unreasonable, the performance must be such

that no competent counsel would have taken the action at issue. *Hall v. Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010).

> As observed by the Eleventh Circuit, the standard for ineffective assistance of counsel
>
> > has nothing to do with what the best lawyers would have done. Nor is it the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).

### *Evidentiary Hearing*

On June 28, 2011, an evidentiary hearing was held before the undersigned in Albany, Georgia. (Doc. 235). J. Phillip Cannon, counsel for the Petitioner at trial, testified on behalf of the Government. (Doc. 235, pp. 16-29). Mr. Cannon stated that he has been engaged in the practice of law since 1992. In 2005 Mr. Cannon was appointed to represent the Petitioner in the underlying case. Mr. Cannon testified that a jury trial was conducted beginning on March 28, 2005 in Valdosta, Georgia, in which the Petitioner and his co-defendant Trelliny Turner were tried on the superseding indictment.

## Discussion

### *Motion to sever*

The Petitioner argues initially that his counsel was ineffective in failing to move to sever

the conspiracy counts from the drug and firearm counts in the superseding indictment. Petitioner argues that the drug and firearm counts arose from separate events and circumstances, and that the trial on the combined set of counts prejudiced the Petitioner before the jury. Petitioner so states that

> his character was improperly placed into evidence for the jury to consider. The firearm charge placed the notation of violence in the minds of the jurors even though the post office robbery was committed without the use of a firearm. The drug charges suggested Petitioner was a drug dealer. . . . Such evidence takes the focus away from the true issue concerning the conspiracy to steal United States Mail and the conduct shortly after the theft in covering up the act. . . . The outcome of the case may have been different if the three highly prejudicial counts had been severed from the indictment.

(Doc. 236, p. 6).

In testimony before this Court, attorney Cannon admitted that the docket did not reflect the filing of a motion to sever, and further testified that he did not remember any specifics as to why a motion to sever was not filed. (Doc. 235, p. 18). Cannon testified that the conspiracy case was based largely on circumstantial evidence, and the record reflects that Cannon argued extensively but unsuccessfully for directed verdicts or limiting instructions on the drug and firearm charges. (Doc. 178, pp. 25-28).

Petitioner points out that Cannon's testimony as to his lack of memory does not reflect a strategic trial decision not to file a motion to sever and argues that a reasonable lawyer would have filed a motion to sever the counts of the indictment. However, Petitioner has failed to establish that counsel's representation fell below an objective standard of reasonableness or that failure to file a motion to sever resulted in prejudice to the Petitioner.

In order to establish deficient performance of counsel, the performance must be such that

no competent counsel would have taken, or would have failed to take, the action at issue. *Hall*, 611 F.3d at 1290. Moreover, Petitioner must overcome the presumption that counsel's performance was constitutionally adequate. To do so, "a petitioner must not present evidence merely to refute the presumption. Rather, the petitioner must present evidence that outweighs the presumed evidence of competence. . . . 'where the record is incomplete or unclear about [counsel's] actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment.'" *Harvey v. Warden, Union Correctional Institution*, 629 F.3d 1228, 1239 (11th Cir. 2011) (quoting *Chandler v. United States*, 218 F.3d 1305, 1314, n.15 (11th Cir. 2000)).

Petitioner's argument that counsel's lack of memory infers or establishes a lack of strategy "turn[s] [the presumption that counsel acted properly] on its head." *Id.* at 1245. The Petitioner "improperly seeks to draw an inference in his favor from [his counsel's] poor recollection", which conflicts with the Eleventh Circuit's "evidentiary presumption that counsel acted properly". *Id.* Petitioner has presented no evidence to overcome this presumption of constitutionally adequate performance.

Additionally, a review of the totality of the evidence and testimony presented at trial shows that even if the gun and drug possession charges had been successfully severed, other significant testimony and evidence as to the Petitioner's gun possession and drug dealing was presented to the jury. (Doc. 175, pp. 123-124; Doc. 176, pp. 184-194). The record also contains a stipulation as to Petitioner being a convicted felon. (Doc. 178, p. 15). Accordingly, the Court can discern no prejudice resulting from the lack of a motion to sever the drug and weapon possession charges from the conspiracy counts. There has been no showing that prejudice

resulted from the inclusion of these charges, such that the outcome of the trial "would have been different" had they been tried separately. Accordingly, this ground will not support the granting of federal habeas relief.

*Testimony of Roderick Johnson*

Petitioner further asserts that his trial counsel was ineffective in failing to object to the testimony of Roderick Johnson in its entirety. Johnson testified at Petitioner's trial as to the theft of his handgun from a friend's car, on August 27, 2004. (Doc. 176, pp. 26-31). This handgun was ultimately determined to be the gun later found in Petitioner's possession, which formed the basis of the firearm possession charge. Attorney Cannon, after reviewing the trial transcript, stated that Johnson "was there for the purpose of saying that the gun was in his car and it went missing from his car at some time frame from a bar." (Doc. 235, p. 20). Cannon did not specifically remember Johnson's testimony at trial, and was not clear as to the relevancy of Johnson's testimony to charges in the indictment. *Id.* at pp. 20, 27, 28. However, Cannon did remember that the parking lot of the bar from which the weapon was stolen was in close proximity to the temporary job agency frequented by the Petitioner. *Id.* at p. 28.

On cross-examination at trial, attorney Cannon elicited testimony from Johnson that the theft of his gun occurred at night, when the temporary job agency was closed. Johnson stated that he did not recognize the Petitioner, had not seen him before and did not see him in the club that night, and that the bar was crowded, with anyone walking through the parking lot having access to the unlocked car and the weapon. (Doc. 176, pp. 33-35).

Petitioner asserts that Johnson's testimony was irrelevant to the possession of a firearm by a convicted felon charge, and that the testimony "only served to impart prejudicial inferences

toward the Petitioner [with] . . . [t]he jury [] left to infer Petitioner stole the firearm." (Doc. 236, p. 7). Based on this alleged lack of relevancy to the charge of possession of a firearm by a convicted felon, Petitioner asserts that attorney Cannon provided ineffective assistance of counsel in failing to object to Johnson's testimony in its entirety.

   Petitioner has failed to present any evidence that Cannon's failure to object to Johnson's testimony in its entirety rose to the level of constitutionally deficient performance. The record reflects that Cannon objected to portions of Johnson's testimony and cross-examined Johnson. The fact that the testimony was arguably irrelevant to the charge of possession of a firearm by a convicted felon does not alone establish that counsel provided deficient performance in not objecting to the overall testimony. Petitioner has failed to overcome the presumption that attorney Cannon's failure to object to Johnson's testimony "falls within the wide range of professional assistance . . . [and that] the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So omissions are inevitable.... [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler*, 218 F.3d at 1313 (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

   Additionally, although Petitioner asserts that Johnson's testimony was irrelevant to establishing an element of the gun possession charge, Petitioner fails to establish that Johnson's testimony was in fact irrelevant and therefore improperly admitted at trial. Pursuant to Rule 401 of the Federal Rules of Evidence, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Johnson's testimony was

9

arguably relevant to facts of consequence, such as whether the Petitioner had possession of the gun, which was stolen in an area Petitioner frequented. *See U.S. v. Sweeting*, 933 F.2d 962 (11th Cir. 1991)(elements of offense under 18 U.S.C. § 922(g)(1) require proof that defendant was convicted felon, that he possessed a firearm in or affecting interstate commerce and that he knew he possessed the firearm; substantial evidence linked defendants to firearms to establish possession element). "By pleading not guilty to the offense [of possession of a firearm by a convicted felon], [Petitioner] placed the element of his knowing possession [of the weapon] at issue." *U.S. v. Stevens*, 277 Fed.Appx. 898, 900 (11th Cir. 2008). Attorney Cannon in fact argued at trial that the gun was not in the Petitioner's possession at the time of the stop, as it was in a glove compartment and closer in proximity to another individual in the car. Thus, Petitioner has not established that an objection to Johnson's testimony as irrelevant would have been sustained, and counsel cannot be ineffective for failing to file a motion that would not have been successful. *Newman v. Sec'y, Dep't of Corrections*, 2006 WL 1529351 *16 (M.D.Fla. May 25, 2006).

Moreover, there is nothing in the record which suggests that the probative value of Johnson's testimony was outweighed by undue prejudice to the Petitioner. Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Thus, it is not clear that an objection to Johnson's testimony as unfairly prejudicial would have been sustained and resulted in the inadmissibility of Johnson's testimony. As the evidence has not been shown to be inadmissible, Petitioner cannot establish that his counsel was ineffective for not raising a meritless objection to the testimony. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir.1994)

("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Therefore, Petitioner fails to show counsel's performance was deficient, or that he was prejudiced when counsel did not object to Johnson's testimony.

As previously set out herein, the Petitioner's trial record contains testimony as to Petitioner's possession of guns in other circumstances subsequent to a felony conviction, separate and apart from the gun possession charge in this indictment, as well as the stipulation that Petitioner was a convicted felon. Additionally, a large part of the testimony and evidence at trial revealed Petitioner's admitted participation in the theft activity at issue, to wit, the robbery of the Valdosta post office. In light of the other testimony and evidence presented at trial, Petitioner has failed to show that Roderick Johnson's testimony prejudiced the outcome of his trial. No negative effect has been shown to flow from Johnson's testimony that the gun which Petitioner possessed had been stolen from its owner, in close proximity to a location associated with the Petitioner's daily activities. Accordingly, this ground will not support the granting of federal habeas relief.

## Conclusion

The Petitioner has failed to show that his attorney's performance was deficient, or that Petitioner was prejudiced by his attorney's performance, such that there was a reasonable probability that but for counsel's errors, Petitioner would not have been found guilty. WHEREFORE, it is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy

of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 21st day of October, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb