# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM L. BROXTON | Case No. 7:04-CR-20 (HL) |

## ORDER

Before the Court is Defendant William L. Broxton's Motion for Sentence Reduction, filed pursuant to 18 U.S.C. § 3582, Sentencing Guideline § 1B1.10, and Amendment 782. (Docs. 249, 256). For the reasons discussed herein, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

A grand jury in this district returned a twelve-count Superseding Indictment on February 16, 2005, charging Defendant William L. Broxton with crimes relating to breaking into the United States Post Office located in the federal building in Valdosta, Georgia, as well as for possession of illegal firearms and narcotics. (Doc. 41). On April 5, 2005, following a six-day trial, a jury found Defendant guilty of Counts One through Five and Seven through Ten, including: Count One, Conspiracy to Steal United States Mail, in violation of 18 U.S.C. § 371 in connection with 18 U.S.C. § 1708; Count Two, Theft of United States Mail, in violation of 18 U.S.C. § 1708; Count Three, Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314; Count Four, Possession of a

Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); Count Five, Misleading Statements, in violation of 18 U.S.C. § 1512(b)(3); Counts Seven and Eight, Money Laundering, in violation of 18 U.S.C. § 1957; and Counts Nine and Ten, Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).[1] (Doc. 78).

Prior to sentencing, the United States Probation Office ("Probation") prepared a Presentence Investigation Report ("PSR"). Applying the grouping rules of U.S.S.G. § 3D1.1, Probation grouped Defendant's offenses into two count groups. Count Group One included Defendant's convictions for Conspiracy to Steal United States Mail, Theft of United States Mail, Misleading Statements, and Money Laundering. Probation calculated a total adjusted offense level of 24 for Count Group One. For Count Group Two, which included Defendant's convictions for Possession of a Firearm by a Convicted Felon and Possession with Intent to Distribute Cocaine Base, Probation calculated a total adjusted offense level of 26, which was based on the offense level calculated for the drug related offense.

Pursuant to U.S.S.G. 3D1.4, the adjusted offense level of 26 for Count Group Two, the greater of the two adjusted offense levels, was used to calculate

---

[1] Count Six of the Superseding Indictment pertained only to co-Defendant Trelliny Turner. The Government dismissed Counts Eleven and Twelve, which contained forfeiture allegations because the property described in each count was administratively forfeited.

Defendant's sentencing guideline range. Probation then applied a two-level increase under U.S.S.G. §§ 3D1.4(b) and (c) for a total offense level of 28. With a total offense level of 28 and a criminal history category of III, Defendant's advisory sentencing guideline range became 97 to 121 months.

Defendant appeared for sentencing on July 21, 2005. Considering an offense level of 28 and a criminal history category of III, the Court determined there to be an advisory sentencing guideline range of 97 to 121 months. (Doc. 173, p. 11). However, the Court thereafter found the advisory guideline range to be inadequate and imposed the following sentence outside the advisory guideline range: 60 months on Counts One and Two, to be served concurrently to each other; 120 months on Counts Three, Four, and Five, to be served concurrently with each other and consecutively to Counts One and Two; 120 months on Counts Seven and Eight, to be served concurrently with each other and consecutively to Counts Three, Four, and Five; 120 months on Counts Nine and Ten, to be served concurrently with all other counts. (Docs. 96, 173, p. 11). The Court imposed a total term of imprisonment of 300 months, to be followed by three years supervised release. (Doc. 96).[2] Defendant appealed his sentence. The Eleventh Circuit rejected Defendant's arguments on appeal and affirmed Defendant's sentence. (Doc. 192).

---

[2] The Court entered an amended judgment on September 9, 2009. (Doc. 214). The amendment addressed the payment of restitution and did not otherwise alter the sentence imposed.

On May 31, 2016, Defendant filed a pro se motion for sentence reduction pursuant to Amendment 782 (Doc. 249), a retroactive guideline amendment that became effective on November 1, 2014, and had the effect of reducing the base offense levels for all drug offenses. After conducting a preliminary review of Defendant's motion and determining that he was entitled to having his guideline range recalculated in accordance with 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c) and Amendment 782, the Court appointed the Federal Defenders of the Middle District of Georgia, Inc. to represent Defendant. (Doc. 253). As directed by the Court, appointed counsel filed a supplemental motion, which is now before the Court. (Doc. 256).

II.  **DISCUSSION**

Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has been subsequently lowered as the result of an amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. §1B1.10(d). U.S.S.G. § 1B1.10(a)(1). Amendment 782 reduced the base offense level for most drug offenses by two levels. U.S.S.G. § 1B1.1(d); U.S.S.G. App. C, Amend. 782 (2014).

Once a court determines that an amendment to the Sentencing Guidelines may apply to reduce a defendant's sentence, the court then must follow a two-

step process to determine whether the defendant's sentence should be reduced. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must "determin[e] a new base level by substituting the amended guideline range for the originally applied guideline range, and then us[e] that new base level to determine what ultimate sentence it would have imposed." Id. At the first step, only the amended guideline range is changed – "[a]ll other guideline application decisions made during the original sentencing remain intact." Id. (quoting United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999)). Second, the district court must decide whether, in its discretion and in light of the 18 U.S.C. § 3553(a) sentencing factors, to retain the original sentence or to resentence the defendant under the amended guideline range. Id. at 781.

At step one, Defendant and the Government agree that as a result of Amendment 782, Defendant is eligible for a sentence reduction. As amended, Defendant's total offense level is reduced from 28 to 25. A total offense level of 25 and a criminal history category of III produces a new advisory guideline range of 70 to 87 months. Defendant requests that the Court resentence him within the newly calculated guideline range.

At step two, however, the parties dispute whether a sentencing reduction is warranted. The Government requests that the Court exercise its discretion and deny Defendant's request for a reduction in his sentence based on the nature and seriousness of the offense of conviction, Defendant's history and

5

characteristics, and the need to protect the public. According to the Government, the original sentence of 300 months adequately accounts for the seriousness of Defendant's conduct, coupled with evidence produced at trial that Defendant threatened harm to federal agents. Defendant in response points to a notation in Probation's Supplemental Report that "[t]here is no indication in the offense conduct, the defendant's criminal record, or his [ ] personal history to suggest that a reduction in the term of imprisonment would present a danger to any person or the community." (Doc. 252). Defendant further argues that the Government's position fails to take into consideration Defendant's post-sentencing conduct. Specifically, Defendant notes that during his incarceration he has worked toward obtaining his GED and has completed almost 500 hours of rehabilitative classes. Additionally, Defendant has successfully held several duty assignments. Defendant points to these factors in support of his argument that he has engaged in post-sentencing conduct indicative of rehabilitation and that he no longer presents a danger to any person or to the community.

While a defendant's eligibility for relief under § 3582(c)(2) presents a legal question, the district court's "decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." United States v. Williams, 557 F.3d 1254, 1257 (11th Cir. 2009). "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. backg'd. In evaluating whether and to

what extent a sentence should be reduced, the district court must take into account the factors listed in 18 U.S.C. § 3553(a) as well as public safety considerations. U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(ii); see also Williams, 557 F.3d at 1256. Additionally, the court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction." Id. § 1B1.10 cmt n.1(B)(iii). A district court need not "articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997); see also United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (explaining that the district court has the discretion about how to weigh each factor).

In consideration of the § 3553(a) sentencing factors, the Court concludes that a sentence reduction is not appropriate in this case. At the original sentencing hearing, the Court announced its decision to vary upward from the original advisory sentencing guideline range and to impose a sentence of 300 months, making the following observations:

> The Court cannot dismiss trial testimony and evidence to include the recorded conversations wherein the defendants discussed the willingness to murder federal agents during the execution of a search warrant at the Defendant Turner's residence.

7

> The Court believes that the defendants were capable of such actions should the opportunity have presented itself and that the defendants had the means of completing such acts as evidenced by the fact that Defendant Broxton possessed a stolen handgun, and Defendant Turner's reference to her handgun in recorded conversations.
>
> The Court also notes the defendant's lack of remorse for such actions as evidenced by Defendant Turner's remarks that the two defendants flee the United States and assume false identities.
>
> The Court believes the sentence imposed takes into account the seriousness of the offenses, promotes respect for the law, and provides just punishment in this case.
>
> The Court is also of the opinion that the sentence provides adequate deterrents from further criminal conduct and protects the public from further crimes that may be perpetrated by this defendant.

(Doc. 173, p. 14-15).

The Court's view of the evidence adduced at trial in this case remains unchanged. The Court maintains that the original sentence of 300 months accurately reflects "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court further finds that a 300-month sentence adequately reflects the seriousness of the offense and promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of Defendant. 18 U.S.C. § 3553(a)(2)(A)-(C). The Court is not persuaded that Defendant's post-sentencing conduct obviates the seriousness of

his offenses of conviction. Defendant's motion for sentence reduction is accordingly **DENIED**.

## III. CONCLUSION

For the foregoing reasons, Defendant William L. Broxton's Motion for Sentence Reduction (Docs. 249, 256) is **DENIED**. Defendant's sentence shall remain at a term of 300 months to be followed by three years supervised release.

**SO ORDERED** this 17th day of August, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks